IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LINDSAY ACRE, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  2:14cv211-CSC |
| | ) | |
| JASON CHAMBERS, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

In this action which seeks relief pursuant to 42 U.S.C. §§ 1983, 1985 and 1988,
plaintiffs Lindsey Acre ("Acre") and Robert Morris ("Morris") allege that the defendants
violated their rights under the Fourth and Fourteenth Amendments to the United States
Constitution when defendants Elmore County Deputy Sheriffs Jason Chambers
("Chambers") and Al Cox ("Cox") entered the Acre  residence without probable cause or
a warrant.  The plaintiffs further allege that the defendants conspired to violate their
constitutional rights, and they used excessive force when they killed Jeremy Acre
("Jeremy") after entering the residence.  Plaintiff Lindsey Acre is Jeremy's widow and
plaintiff Morris is the personal representative of Jeremy's Estate.  In addition to defendants
Chambers and Cox, the plaintiffs also name Elmore County Deputy Sheriff C.C. Zeigler as
a defendant.

The court has jurisdiction of the plaintiffs' claims pursuant to its federal question
jurisdiction, 28 U.S.C. § 1331.  Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1,

the parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

Now pending before the court is defendants Chambers and Cox's partial motion to dismiss (doc. # 29) and defendant Zeigler's motion to dismiss (doc. # 32).  The plaintiffs have filed responses (doc. # 44 & 45) and the court heard oral argument on the motions on June 24, 2014.  As stated in open court and after careful review, the court concludes that the motions to dismiss are due to be granted.

Defendants Chambers and Cox, in their partial motion to dismiss (doc. # 29), seek the dismissal of counts III and V of the amended complaint.  In count III, Acre alleges that the defendants conspired to violate her constitutional rights in violation of 42 U.S.C. § 1985(3) when they entered her home without a lawful purpose and then shot and killed her husband.  (Doc. # 24 at 7-8).  In count V, Morris alleges that the defendants "conspired together to intrude into the sanctity of the Acre home," and as a result of that intrusion, Jeremy Acre was "physically assaulted, attacked and killed."  (*Id*. at 9).

As a matter of law, the plaintiffs' allegations of a conspiracy are insufficient to withstand scrutiny.  In this circuit, the law is clear that the intracorporate conspiracy doctrine bars the plaintiffs' conspiracy claims brought pursuant to 42 U.S.C. § 1985(3).  *See Dickerson v. Alachua County Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000).  The defendants' partial motion to dismiss these counts is due to be granted.

2

Furthermore, at oral argument, the plaintiffs conceded in open court that defendant's Zeigler's motion to dismiss was due to be granted.

Accordingly, for the reasons as stated and for good cause, it is

ORDERED that defendants Chambers and Cox's partial motion to dismiss (doc. # 29) be and is hereby GRANTED and counts III and V of the amended complaint be and are hereby DISMISSED with prejudice.  It is further

ORDERED that defendant Zeigler's motion to dismiss (doc. # 32) be and is hereby GRANTED without prejudice and defendant Zeigler be and is hereby DISMISSED as a defendant in this case.

Done this 25th day of June, 2014.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE